# CRIMINAL MINUTES – GENERAL  'O'

| Case No. | 2:12-cr-00851-CAS-1 | | Date | July 14, 2021 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |
| Catherine Jeang | | Not Present | | Monica Tait, Not Present<br>Paul Stern, Not Present |
| *Deputy Clerk* | | *Court Reporter/Recorder,*<br>*Tape No.* | | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond. | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| DAVID SINGUI, PRO PER | NOT | X | | | | | |

**Proceedings:** (IN CHAMBERS) - EXHAUSTED MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1) (Dkt. 553, filed on January 21, 2021)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

## I. INTRODUCTION AND BACKGROUND

Before the Court is defendant David Singui's renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), filed on January 21, 2021. Dkt. 553 ("Mot."). The government filed an opposition on March 18, 2021. Dkt. 555 ("Opp."). Defendant filed a reply on April 8, 2021. Dkt. 559 ("Reply").

Defendant was arrested on September 11, 2012, and indicted for his participation in a conspiracy to defraud both distressed homeowners and lending institutions. Dkt. 95, First Superseding Indictment ("FSI") ¶ 9. Singui pled guilty to (1) Conspiracy to Make False Statements to Defraud in violation of 18 U.S.C. § 371; (2) False Statement to Federally Insured Financial Institution in violation of 18 U.S.C. § 1014; (3) Aggravated Identity Theft in violation of 18 U.S.C. § 1028A; and (4) Tax Evasion in violation of 26 U.S.C. § 7201. See dkt. 416, Judgment. The Court sentenced defendant to 94 months' imprisonment, followed by 5 years' supervised release. Id. at 1, 2. The Court also ordered defendant to pay $4,095,233.51 in restitution pursuant to 18 U.S.C. §§ 3663 and 3663A. Id. at 1. Defendant is currently serving his sentence in the custody of the Bureau of Prisons ("BOP") at Federal Correctional Institution

Oakdale II ("FCI Oakdale"). His projected release date is January 6, 2024. As of this order, defendant has served just over 50% of his 94-month sentence.

### A. Defendant's Initial Motion for Compassionate Release

On April 17, 2020, defendant, with the assistance of the Federal Public Defender's Office, filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), arguing that the developing COVID-19 pandemic created extraordinary and compelling circumstances for release. See dkt. 527. Defendant contended that his underlying health conditions—including diabetes, high blood pressure, and high cholesterol—put him at heightened risk of severe illness if he contracted COVID-19, and that BOP took inadequate precautions to limit the spread of the virus. Id. Defendant also argued that his family circumstances weighed in favor of release because of his son's struggle with lymphoma cancer, his wife's struggle with breast cancer, and his youngest son's severe autism. Id. at 9. Finally, defendant argued that, his enrollment in the Non-Residential Drug and Alcohol Program offered at Metropolitan Detention Center, Los Angeles, along with his good behavior during and self-surrender after several temporary releases evidenced that he was rehabilitated, had taken responsibility for his actions, and no longer posed a danger to the community. Id. at 1, 4, 8, 11.

The Court issued an order denying defendant's motion on May 18, 2020, finding that defendant still posed a danger to the community and that current rates of COVID-19 transmission in BOP facilities did not necessarily demonstrate extraordinary and compelling circumstances. Dkt. 546 ("Order"). The Court found defendant still posed a danger to the community in part because he had violated the terms of his pretrial release order by collecting rent proceeds from properties he did not own, and because his underlying conduct was calculated and took advantage of an economic crisis. Id. at 8–9.

### B. Defendant's Contraction of COVID-19

On November 24, 2020, defendant tested positive for COVID-19 and was placed in quarantine isolation. Opp. at 5. According to defendant's medical records, defendant was asymptomatic for the duration of his illness. Id. He was released from isolation on December 11, 2020, after testing negative, and returned to the general population. Id. Defendant reported some excessive coughing, but the government contends this may have been due to an ACE (angiotensin-converting enzyme) inhibitor called lisinopril, which defendant took to lower his blood pressure. Id. at 6. Defendant disputes his asymptomatic diagnosis. Reply at 6. Defendant states that, as of January 21, 2021, he continued to suffer COVID-19 symptoms including loss of taste and smell, chills, coughing, and chest pain. Mot. at 13; see Centers for Disease Control and Prevention ("CDC"), Symptoms of COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/symptoms-testing/symptoms.html (last visited June 30, 2021).

### C. Defendant's Renewed Motion

On January 21, 2021, defendant, proceeding *pro se*, filed a renewed motion for compassionate release. Defendant again argues his underlying medical conditions, including diabetes, high blood pressure, and high cholesterol, as well as his age and ethnicity, put him at a higher risk of complications from COVID-19 if he remains confined (defendant is a 57-year-old African-American man). Mot. at 12. Defendant contends that after having contracted COVID-19, his underlying health conditions put him at higher risk of extended complications resulting from his illness. Mot. at 10–11. He further states he suffers from fear and anxiety about his high-risk status and fears for his life. Id. Additionally, defendant argues the threat of re-infection and inadequate BOP policies increase his risk of severe illness. Id. Finally, defendant states that his COVID-19 diagnosis exacerbated his pre-existing health conditions and as a result he requires increased dosages of medication. Reply at 11.

In addition, defendant argues that his family circumstances weigh in favor of release. Defendant reports his eldest son passed away from lymphoma cancer on September 17, 2020, his wife continues to struggle with the effects of her breast cancer and their youngest son's autism, and defendant's mother is partially paralyzed due to a stroke she suffered in 2016. Mot. at 11.

Finally, defendant argues that he has been rehabilitated because of his completion of the Non-Residential Drug and Alcohol Program in which he was enrolled at the time of his first motion. Mot. at 16–17. Defendant presents various court orders having previously granted him temporary release, arguing these provide evidence that he is not a danger to the community. Mot. at 8; 21–31, Ex. A–H.

Because the instant motion largely raises the same arguments as those raised in the April 17, 2020 motion for compassionate release, the Court considers this motion as one for reconsideration. See United States v. Jennings, No. 1:17-cr-00155-NONE, 2021 WL 289390 (E.D. Cal. Jan. 28, 2021) (interpreting a renewed motion for compassionate release as a motion for reconsideration). Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

### II. LEGAL STANDARD

A court may reconsider its own order. See C.D. Cal. L.R. 7-18. Reconsideration of a court's order is an "'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)). "In this district, motions for reconsideration are governed by Local Rule 7-18," Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc., 568 F. Supp. 2d 1152, 1162 (C.D. Cal. 2008), which states: "[a] motion for reconsideration of the decision on any motion may be made only on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**    **'O'**

the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision," C.D. Cal. L.R. 7-18.  Furthermore, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion," id., and "a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent," Pegasus Satellite Television, Inc. v. DirecTV, Inc., 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004).  Finally, "[w]hether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." Milton H. Greene, 568 F. Supp. 2d at 1162.

## III. DISCUSSION

Defendant's renewed motion does not allege a material difference of fact or law from that presented to the Court in relation to his April 17, 2020 motion, nor does it allege the Court failed to consider material facts.  However, defendant's motion does raise the emergence of new facts, namely defendant's contraction of COVID-19, changes in his family circumstances, and his completion of the Non-Residential Drug and Alcohol Program.

### A. New Facts Concerning Health Conditions and COVID-19

The Court previously considered defendant's medical conditions and the threat of COVID-19 in ruling on defendant's initial motion for compassionate release, concluding they did not constitute an "extraordinary and compelling" reason justifying his early release.  See Order at 7–8. At the time, there were low rates of COVID-19 transmission in BOP facilities.  Id.  In response to defendant's renewed motion, the government reports that BOP has implemented substantial new preventative measures and has quarantine procedures in place for prisoners that do contract COVID-19.  Id. at 11–12.  As of June 30, 2021, FCI Oakdale reports two active cases among inmates and one active case among staff.  BOP, COVID-19: Coronavirus, https://www.bop.gov/coronavirus/ (last visited June 30, 2021).  (FCI Oakdale currently houses 951 total inmates between the correctional institution and satellite camp.  BOP, FCI Oakdale II, https://www.bop.gov/locations/institutions/los/ (last visited June 30, 2021).)  The current low rates of transmission demonstrate that the threat of COVID-19 transmission is comparable to the threat at the time of the May 18, 2020 order, and thus there is no material difference concerning the threat of re-infection.  Furthermore, defendant's having contracted COVID-19 since his initial

motion, while a new fact, is not material because it does not increase the likelihood of severe illness from COVID-19.[1]

Although the Court recognizes the impact of the COVID-19 pandemic in BOP facilities, the material facts concerning COVID-19 that informed the Court's reasoning in its prior order are largely unchanged and any changes do not warrant reconsideration of that order.

### B. New Facts Concerning Family Circumstances

Defendant presents a change in his family circumstances, namely the death of his son last year from lymphoma cancer. Mot. at 11; Reply at 15. (Defendant's other difficult family circumstances were before the Court when it ruled on his prior motion. Dkt. 527 at 7.) Defendant was temporarily released on a 72-hour emergency furlough to attend his son's funeral during the week of September 21, 2020. Dkt. 548. However, defendant's son's death, while tragic, does not warrant reconsideration of the Court's order, particularly in light of defendant's failure to demonstrate other facts supporting a finding of extraordinary and compelling circumstances for release.

### C. New Facts Concerning Rehabilitation

Additionally, defendant has not provided new material facts concerning his purported rehabilitation. He contends that he now accepts full responsibility for his conduct as a result of his completion of the Non-Residential Drug and Alcohol Program. Mot. at 16. However, defendant's completion of this program does not represent a change of fact sufficient to justify reconsideration of his case, as the Court was already aware of his participation in the program when it issued its previous order. Order at 9. In any event, completion of this program, while positive, is insufficient to establish that defendant's rehabilitation constitutes an extraordinary and compelling reason for release.

Finally, in denying defendant's April 17, 2020 motion, the Court found that defendant continued to pose a danger to the community due to, among other things, the nature of his crime

---

[1] Currently, defendant's vaccination status is unknown, but 156 staff members and 1351 inmates (out of 1839) at FCI Oakdale I and FCI Oakdale II have been fully vaccinated. BOP, COVID-19: Coronavirus, https://www.bop.gov/coronavirus/index.jsp (last visited June 30, 2021); see United States v. Del Rosario Martinez, No. 19-cr-5218-MMA, 2021 WL 956158, at *3 (S.D. Cal. Mar. 10, 2021) (concluding that defendant's vaccination "significantly mitigates" the risk of contraction and serious illness from COVID-19).

and the broader economic circumstances. Id. at 8. The fact that defendant has completed the drug and alcohol program and has returned to custody on his own recognizance after being temporarily released, see Mot. at 8, 21–31, while positive, is insufficient to demonstrate that defendant no longer poses a threat to the community. For this reason, and because the Court was aware of defendant's need to pay restitution when it ruled on his initial motion, defendant's argument in the instant motion that he would be better positioned to pay restitution if released is unavailing. See Reply at 16.

In sum, the Court finds that defendant has not established a material difference in facts from those presented to the Court in relation to his previous motion, the emergence of new circumstances since the Court's ruling on that motion, nor that the Court failed to consider materials facts in its previous order. See C.D. Cal. L.R. 7-18.

## IV.  CONCLUSION

In accordance with the foregoing, the Court **DENIES without prejudice** defendant's motion for reconsideration.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |